**IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

IN RE:                                                                                          CASE NO.**:**

**BLAINE S. BAUGHMAN,**
        Debtor(s).
_____/

**First Payment Due Date:**
**341 Meeting Date:**
**Initial Confirmation:**
**Claims Bar Date:**

## CHAPTER 13 PLAN

1. The future earnings or income of the Debtor(s) is submitted to the supervision and control of the Trustee.

2. The total of **$3,405.00** per month, for months **1 - 60** shall be submitted to the control of the Trustee for administration on behalf of creditors filing allowed claims, for a duration of **sixty (60)** months**,** i.e. the "life of the plan", or, alternatively, until all such claims are paid in full.

3. The Trustee shall make the following disbursements from the payments so received:

### A.  PRIORITY CLAIMS

(1) The fees and expenses of the Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the amount of all payments remitted under the plan.

(2) **The Law Offices of Keith D. Collier** has an administrative priority claim in the amount of $3,915.00. Upon confirmation the Trustee shall make payments of **$860.00** per month, for months **1-4** and **$475.00** for month **5,** with no interest, in order to satisfy this obligation.  The Trustee shall also make payments of **$50.00** per month, for months **7-60,** for monthly administrative fees.

### B.  SECURED CLAIMS

(1) **Fifth Third Bank (Account Ending In #6279)** has the first mortgage on the Debtor's principal residence located at 54 Plaza Drive, Ormond Beach, FL 32176.  The Trustee shall make the regular monthly payments of **$1,804.00** over the life of the plan, subject to periodic changes in accordance with variations in the prevailing discount rate and/or potential escrow advances paid by this secured creditor.   The total arrearage on the mortgage payments is $2,500.00, which includes late charges, reasonable pre-petition attorney's fees, and costs.  The Trustee shall pay this creditor **$46.30** per month, for

months **7-60**, toward the arrearage to bring the mortgage payments current over the life of the plan.

(2) **Vystar Credit Union (Account Ending In #3234)** holds a security interest in the Debtor's 2004 Ford F150 Lightning in the amount of $8,855.00. The Trustee shall pay this creditor **$100.00** per month, for months **1-6** and **$175.69** for months **7-60**, which includes the accepted *Till* rate of five-point-two-five percent (5.25%) interest, for the life of the plan to satisfy this obligation. **Totaling $10,087.25**

(3) **Navy Federal Credit Union (Account Ending In #4864)** holds a security interest in the Debtor's 2008 Buehl Lightning S in the amount of $4,170.00. The Trustee shall pay this creditor **$100.00** per month, for months **1-6** and **$76.86** for months **7-60**, which includes the accepted *Till* rate of five-point-two-five percent (5.25%) interest, for the life of the plan to satisfy this obligation. **Totaling $4,750.29**

(4) **Vystar Credit Union (Account Ending In #7197)** holds a security interest in the Debtor's 2009 Harley Davidson XL1200 in the amount of $3,590.00. The Trustee shall pay this creditor **$100.00** per month, for months **1-6** and **$64.62** for months **7-60**, which includes the accepted *Till* rate of five-point-two-five percent (5.25%) interest, for the life of the plan to satisfy this obligation. **Totaling $4,089.58**

(5) **One Main Financial (Account Ending In #0305)** holds a security interest in the Debtor's 1999 Ford F150 in the amount of $5,800.00. The Trustee shall pay this creditor **$100.00** per month, for months **1-6** and **$111.24** for months **7-60**, which includes the accepted *Till* rate of five-point-two-five percent (5.25%) interest, for the life of the plan to satisfy this obligation. **Totaling $6,607.12**

(6) All secured creditors will retain their liens, pursuant to 11 U.S.C. 1325(a)(B)(i).

## C. UNSECURED CLAIMS

(1) Unsecured creditors, including those secured creditors having deficiency claims or whose liens have been avoided, shall receive distribution on a pro-rata basis after all administrative, priority and secured claims have been paid in full. The Trustee shall distribute the remaining monies paid into the plan, after payment of all other creditors under the plan, to said unsecured creditors.

(2) Any claim filed after the last date to file claims, shall receive no distribution under this plan unless specifically provided for above.

## D. GENERAL PROVISIONS

(1) The Debtor(s) does not reject any executory contracts.

(2) Title to all property in the estate shall re-vest in the Debtors upon confirmation of this plan.

(3)  Except as provided for in the plan, Student Loans and as to the United States Department of Education, the order confirming the plan or other court order, no interest, late charges, penalties or attorneys' fees will be paid to or accessible by any creditor. 11 U.S.C. Section 1327(a) provides: "The provisions of a confirmed plan bind the Debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

(4)  Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and /or deeds of trust on the principal residence of the Debtors to do all of the following:

   (A)  To apply the payments received from the trustee on the prepetition arrearages, if an, only to such arrearages. For purposed of this plan, the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this care.

   (B)  To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.

   (C)  To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtors to the month in which each payment was designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.

**DATED:  January 16, 2015**               **The Law Offices of Keith D. Collier**

/s/ Keith D. Collier, Esquire
**KEITH D. COLLIER**
Florida Bar No.: 0633771
2350 Park Street
Jacksonville, Florida 32204
(904) 696-DEBT (3328)/Fax: 981-8015
Collier@KeithDCollier.com
Attorney for Debtor(s)